[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2002
THOMAS K. KAHN
CLERK

No. 01-15275
Non-Argument Calendar

D. C. Docket No. 01-00286-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO ARBELO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Miami

**(April 15, 2002)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Appellant was indicted, and adjudged guilty following a bench trial, for being found in the United States after having been removed from the country in 1998, as a result of a conviction for an aggravated felony, without having obtained the express consent of the Attorney General for re-entry in violation of § 1326. At trial, the court was presented with one legal issue: whether the Child Citizenship Act of 2000 (the "Act"), 8 U.S.C. § 1431, which became effective on February 27, 2001, operated retroactively to make appellant (a native of Guatemala born in 1968) a "citizen" as a matter of law before he was "found" in Miami-Dade county in March 2001.[1] Appellant contended that if the Act were applied retroactively, the court was required to dismiss his indictment. The court resolved this issue in favor of the government.

The Act amended and repealed prior provisions of Title 8 of the United States Code relating to the automatic acquisition of citizenship by children of American citizens. See 8 U.S.C. § 1431; Nehme v. INS, 252 F.3d 415, 430-32 & nn. 19, 20 (5th Cir. 2001). Under the Act, "a minor child who is a lawful

---

[1] In addition to this legal issue, the court was presented with two subsidiary factual issues, both of which it resolved in appellant's favor: (1) whether appellant's father had become a naturalized American citizen on June 9, 1980, and (2) whether appellant had resided with, and was in the legal custody of, his father from 1982 to 1984. In that we resolve the legal issue in the government's favor, we do not address these issues of fact.

permanent resident [of the United States] would automatically be naturalized when either one of his parents becomes a United States citizen . . . as long as the child is in the legal custody of the citizen parent." Nehme, 252 F.3d at 430-31. The Act specified that its amendments to prior law "shall take effect 120 days after the date of the enactment of this Act and shall apply to individuals who satisfy the requirements [set forth above] as in effect on such effective date." The Act § 104; Nehme, 252 F.3d at 431. The Act's effective date was February 27, 2001.

Appellant acknowledges, as he did in the district court, that the decisions interpreting and applying the Act have squarely rejected his argument for retroactivity. See Hughes v. Ashcroft, 255 F.3d 752, 758-60 (9th Cir. 2001); Nehme, supra; and In Re Jesus Enrique Rodriguez-Tejedor, 23 I. & N. Dec. 153, interim dec. 3454 (BIA July 24, 2001) (en banc)). We are persuaded that those decisions are correct, and therefore hold that, in the Eleventh Circuit, the Act is not to be applied retroactively.

AFFIRMED.