In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 01-3188

STEPHEN BOSEDE,

*Petitioner*,

*v.*

JOHN ASHCROFT,
ATTORNEY GENERAL,

*Respondent.*

---

On Petition for Review of an Order
of the Board of Immigration Appeals

---

ARGUED APRIL 15, 2002—DECIDED OCTOBER 29, 2002

---

Before ROVNER, DIANE P. WOOD, and EVANS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Stephen Bosede, a Nigerian citizen, is a permanent resident of the United States. Afflicted with drug addiction and now HIV-positive, Bosede unfortunately accumulated three felony convictions. After the third one, the INS initiated removal proceedings against him. An Immigration Judge (IJ) held a hearing and found that he was removable and ineligible for asylum, withholding of removal, or protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 23 I.L.M. 1027 (1984), as modified, 24 I.L.M. 535 (1985).

Bosede appealed this decision to the Board of Immigration Appeals (BIA), arguing that he was not removable and alternatively that he was eligible for relief from removal through either withholding of removal or by the application of CAT. The BIA affirmed the IJ's decision and subsequently denied Bosede's motion to reopen the decision. On appeal to this court, Bosede again argues that he is eligible for withholding of removal. He also claims that the hearing he was given failed to satisfy the due process standards of the Fifth Amendment.

We find many aspects of the course of proceedings so far quite disturbing. They purport to decide Bosede's fate based on a fundamental mistake of fact, brought about through sloppy legal representation and a general failure to follow up on information that would have brought the mistake to light. Notwithstanding these serious flaws, there is little this court can do under the system of review Congress has established for these cases. For the reasons we explain in this opinion, Bosede's petition must be dismissed for want of jurisdiction, because he has not exhausted his administrative remedies.

**I**

Bosede has lived in the United States since 1980; since 1982, he has been a lawful permanent resident. Now 49 years old, Bosede is currently employed as a cabdriver. He lives with his wife and two children, who are all United States citizens. In 1997, Bosede and his wife were both diagnosed as HIV-positive (*i.e.*, infected with the virus that causes AIDS), which requires a strict regimen of prescription drugs. Because of her illness, his wife is wheelchair-bound and unable to work.

The INS charged that Bosede was removable based upon three felony convictions. On December 13, 1993, Bosede was convicted of a controlled substance offense; the INS

thought it was for possession with intent to deliver, although as we shall see, it may have been only for simple possession. On April 13, 1995, he was convicted of possession of a controlled substance. Finally, on March 1, 2000, he was convicted of retail theft. Bosede retained attorney Michael Cohen to represent him at the immigration proceedings. By all accounts, Cohen's representation was at best unhelpful. He failed to appear at multiple hearings without any legitimate excuse. The IJ even chastised Cohen for not appreciating the seriousness of the proceedings and "oversimplifying the issues."

Despite his poor representation, Bosede tried to challenge the 1993 and 2000 convictions before the IJ. He argued that the 2000 conviction was not an aggravated felony because he did not serve a year in prison and because the facts underlying the offense (he had been caught drinking a bottle of liquor in a store and allegedly did not intend to pay for it) showed that it was minor. Bosede also testified that the 1993 conviction, which the INS asserted was for possession with intent to deliver, was really only a conviction for possession. The INS based its information on a "cover sheet" that reported the charge as possession with intent to deliver. But the document contained no record of either the indictment or the ultimate finding of guilt. Recognizing a potential conflict between Bosede's testimony and the INS evidence, the IJ stated:

> I would think it might be incumbent upon the Service, now that the respondent has denied that this cover sheet is correct under oath, that they request investigations, go back to 26 in California and obtain the indictment and check the docket sheet to see if there was an amendment. I'm not requiring you do that. But you're confronted with testimonial evidence from the respondent saying he pled it down. And then I'll make a decision.

The IJ then added, "I'm not positive that [the cover sheet is] clear, convincing and unequivocal in light of the respondent's denial under oath." Despite this warning, neither the INS nor Bosede introduced any additional evidence regarding the 1993 offense. The IJ subsequently found that Bosede was removable as an aggravated felon and went on to consider his requested relief from removal.

Bosede offered three reasons why he should not be removed from the United States: first, he was eligible for asylum, second, he was eligible for withholding of removal, and finally, he was entitled to relief under the CAT. In support of the first and third theories, Bosede claimed that he would be persecuted as a Christian if he was sent back to Nigeria. He pointed out that his parents were killed by Muslim militants in 1969. Despite his many attempts over the years, Bosede was never able to recover the property stolen from his parents. Bosede also claimed that he would be detained and imprisoned upon returning to Nigeria, which, given his medical condition, would amount to a *de facto* death sentence (because of both lack of access to the necessary medications and predictable violence from prisoners directed against HIV-positive individuals). He testified that he fears discrimination and possible torture if he returns to Nigeria as an HIV-positive man. Although Bosede has returned to Nigeria several times since he has been a resident of the United States, this fear was based in large part on his 1999 trip to Nigeria.

In 1999, Bosede traveled to Nigeria to visit his grandparents' graves with his wife. On that trip, he and his wife brought with them a large amount of medication (which, they stated, was not available in Africa). Suspicious airport officials detained them for two hours, until Bosede alerted the officials to their HIV condition. They were released after they agreed to stay in a particular hotel. Although they initially went to the recommended

hotel, they later left it, fearing that they would be killed because of their HIV status. After approximately a month's stay, they left Nigeria quietly through a neighboring country. Bosede testified that he believed that if he was sent back, he would be detained or imprisoned and certainly would be unable to find work because of his HIV status. He presented background information on Nigerian prisons and the HIV epidemic. Finally, he submitted an e-mail that indicated that the Nigerian government had a policy of detaining persons with AIDS to curb the spread of the disease. To counter this testimony, the INS introduced evidence that the Nigerian government has taken positive steps to address the HIV problem in Nigeria, where the disease currently affects five percent of the population.

The IJ was not impressed by Bosede's evidence and again chastised the attorney. "Mr. Cohen, you can't win cases without evidence. And all the cases I've read concerning aliens granted asylum based upon HIV-positive or AIDS, there were tremendous amounts of background evidence and reports submitted by the attorneys for the aliens, all kinds of documentary evidence." Cohen responded that such documentary evidence was merely "double and triple hearsay" and later stated that the government's documents were "quadruple hearsay."

In the end, the IJ concluded that Bosede was not entitled to relief from removal. He found that Bosede was statutorily barred from asylum because his 1993 conviction (understood to be the trafficking offense, not the possession offense) was an aggravated felony. The judge also found Bosede ineligible for withholding of removal under 8 U.S.C. § 1231, again relying on the contested 1993 conviction, which he concluded was *per se* a particularly serious crime. Finally, he ruled that the evidence did not establish that Bosede would be persecuted or tortured

upon his return to Nigeria, which meant that he was ineligible for CAT relief.

Bosede filed a *pro se* appeal to the BIA. The BIA held that the 1993 conviction was not a *per se* bar to withholding of removal, but (accepting the INS's evidence that it was a distribution offense) it agreed that the conviction was for a particularly serious crime, considering the seriousness and danger of drug trafficking crimes. It affirmed the IJ's decision that Bosede was not entitled to CAT relief because it agreed that Bosede had failed to meet his burden of showing a likelihood of torture in Nigeria. The BIA accordingly dismissed the appeal. It later denied a motion that Bosede filed to reopen his removal proceedings. Bosede now appeals the BIA order dismissing the appeal to this court.

## II

Bosede's claim is governed by the rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). Before proceeding to the merits we address the INS's contention that we do not have jurisdiction to hear Bosede's appeal because Bosede is removable as a criminal alien. 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense. . . ."). Although the INS has accurately quoted the statute, matters are more complex than it is willing to admit. At a minimum, this court retains jurisdiction to determine its own jurisdiction. *Flores-Leon v. I.N.S.*, 272 F.3d 433, 437 (7th Cir. 2001). We have held before on a number of occasions that the review-preclusion provisions in the 1996 amendments to the immigration laws do not prevent us from determining whether the alien is being removed for a permis-

sible reason. *Sandoval v. I.N.S.*, 240 F.3d 577, 580 (7th Cir. 2001); *Yang v. I.N.S.*, 109 F.3d 1185, 1192 (7th Cir. 1997). Under the Supreme Court's decisions in *Calcano-Martinez v. I.N.S.*, 533 U.S. 348 (2001), and *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001), it is also clear that Bosede may not raise other constitutional or statutory challenges in a direct review petition, but that habeas corpus under 28 U.S.C. § 2241 remains available for some such claims. See *Calcano-Martinez,* 533 U.S. at 351. We are therefore precluded from considering in the present appeal Bosede's claim that his Fifth Amendment due process rights were violated in the proceedings before the IJ, and we express no opinion on that argument.

Bosede now concedes that his 2000 theft conviction qualifies as an aggravated felony, see 8 U.S.C. § 1101(a)(43)(G), that he is removable, see 8 U.S.C. § 1227(a)(2)(A)(iii), and that he is ineligible for asylum relief, see 8 U.S.C. § 1158(b)(2)(A)(ii). We are therefore concerned only with the BIA's finding that he was ineligible for withholding of removal and deferral under CAT because of the 1993 felony conviction.

Withholding of removal is governed by statute, 8 U.S.C. § 1231(b)(3)(A), and so we begin with the relevant language of that provision:

> [T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

This relief is not discretionary. If an alien meets the statutory criteria, the Attorney General must withhold removal. *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 420 (1999). The scope of the statutory entitlement to withholding is limited, however, by § 1231(b)(3)(B)(ii), which states

that subparagraph (A) does not apply to an alien who has been "convicted by a final judgment of a particularly serious crime." It goes on to state that "an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime."

The IJ found that Bosede was an aggravated felon who had committed a particularly serious crime. His opinion makes it clear that the characterization of the 1993 conviction as an aggravated felony was critical to that decision. The fact of the two drug convictions barred Bosede from consideration for asylum, but, as we have already noted, Bosede is not pursuing that claim on appeal. It is the IJ's finding that one of his convictions was for a "particularly serious crime" that precluded him from eligibility for withholding of removal, and it is that finding that Bosede is trying to challenge. The IJ's opinion is crystal clear that the only offense of the three that he thought was "particularly serious" was the 1993 conviction: "I determine, however, that the respondent's conviction in 1993 for the possession with intent to deliver is a particular serious crime." The IJ also referred to the fact that Bosede received a two-year sentence for the 1993 conviction.

At the time, all the IJ had to go on was Bosede's testimony that the conviction was not for trafficking but instead was for simple possession, and the cover sheet that the INS had produced that showed conviction on charges of possession with intent to distribute. Apparently, the IJ concluded that the cover sheet standing alone, even in the face of Bosede's testimony, was "clear and convincing evidence" of the nature of the prior conviction. Evidence it may have been, but it now appears that it was also wrong. Before this court, Bosede has produced the entire Cook County Certified Statement

of Conviction and Order of Sentence and Commitment to the Illinois Department of Corrections. This four-page official document indicates that Bosede was telling the truth when he said that he had been *convicted* only of simple possession, not possession with intent to distribute. Other details of the full record supply further corroboration of Bosede's account. The charge and order of conviction show that Bosede was convicted of possession or "P.C.S.," Ill. Rev. Stat. ch. 56.5 § 1402 ¶ C. Moreover, we would have to assume that the state judge imposed an unlawful sentence if we thought that the 1993 conviction was for possession with intent to distribute: the statutory minimum sentence for the latter offense is three years, see 730 ILL. COMP. STAT. 5/5-8-1(a)(5), and Bosede received only a two-year sentence for his conviction (a lawful sentence for the simple possession offense).

Bosede contends that the IJ's reliance on the incomplete "cover sheet" violated his statutory right to have the Attorney General decide whether he was entitled to withholding of removal under § 1231(b)(3)(A). He may be right. This record gives us no confidence that the agency's decision on the withholding aspect of his petition was correct or based upon a proper basis. Nevertheless, for the reasons explained above, we express no final opinion on this point. This is the kind of argument Bosede must submit first to the agency, either through a motion to reopen or through some kind of petition to the district director. See *Toptchev v. I.N.S.*, 295 F.3d 714, 721 (7th Cir. 2002). While the BIA has already denied one motion to reopen, as far as we know Bosede has never given it the opportunity to take into consideration the full Cook County Statement of Conviction that he presented to this court. We hope that the agency would be open to revisiting a critical issue like this one that may rest on a fundamental mistake of fact. But no matter what, the law entitles the INS to an initial opportunity to consider

the evidence and correct its error. Bosede would have to consider other remedies, such as habeas corpus, only if this avenue fails, although we also express no opinion on whether he would be entitled to relief in a habeas corpus proceeding.

Although we agree with the INS that Bosede's claim before this court must be rejected because he has not exhausted his administrative remedies, we reject its further argument that the errors below were harmless. See *Shahandeh-Pey v. I.N.S.*, 831 F.2d 1384, 1389 (7th Cir. 1987); see also *Kuciemba v. I.N.S.*, 92 F.3d 496, 501-02 (7th Cir. 1996). Bosede may well have been prejudiced by the IJ and BIA determinations that he committed a "particularly serious crime" in 1993. If they re-evaluate his case on the corrected assumption that the 1993 crime was merely for possession, it seems likely that he would be eligible for a decision on withholding of removal (though we cannot say what decision the Attorney General would make on the merits).

The INS has also offered the alternative argument that Bosede's multiple convictions for possession add up in the aggregate to one particularly serious crime. If what this means is that multiple convictions for possession for which the cumulative sentences add up to less than five years are *per se* classified as "particularly serious crimes," this is incorrect. See, *e.g.*, *In re L-S-*, 22 I. & N. Dec. 645 (B.I.A. 1999) (A *per se* rule for particularly serious crimes would conflict with Congressional intent to eliminate any presumption that all aggravated felonies are also particularly serious crimes for withholding of removal purposes); see also *Yousefi v. I.N.S.*, 260 F.3d 318, 328 (4th Cir. 2001) (applying a series of factors to consider when identifying whether a conviction is a particularly serious crime). We have no idea whether the BIA could, or would, decide that two particular possession convictions were equivalent to one particularly serious

crime, but it is entitled to make that kind of individualized determination in the first instance.

For his part, Bosede asks that we simply take judicial notice of the Statement of Conviction and resolve everything here. Although we have taken judicial notice of court documents from state proceedings before, see *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996), we do not find it appropriate in this case. First, a court simply cannot reverse an agency on the basis of evidence that is not in the administrative record. Second, we will take notice only of facts "not subject to reasonable dispute." FED. R. EVID. 201. Bosede has shown that there is a conflict between the certified cover sheet the INS used and the certified Statement of Conviction, but we are ill-equipped to reconcile the two documents. We will not consider this issue in the first instance. *Singh v. Reno*, 182 F.3d 504, 511 (7th Cir. 1999).

## III

Although there appear to be serious flaws in the INS's consideration of Bosede's petition for withholding of removal, he must present the facts that underlie his claim to the agency before this court can do anything. Because he has not exhausted his administrative remedies, we DISMISS the petition for lack of jurisdiction.

A true Copy:

     Teste:

 

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*