# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 02-1446

GUSTAVO GOMEZ-DIAZ,

*Petitioner,*

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision
of the Board of Immigration Appeals.
INS File No. A18-834-856

_____

ARGUED DECEMBER 4, 2002—DECIDED APRIL 7, 2003

_____

Before FLAUM, *Chief Judge*, and COFFEY and WILLIAMS,
*Circuit Judges*.

COFFEY, *Circuit Judge.* On January 23, 2002, the
Board of Immigration Appeals ("BIA") upheld an Immigra-
tion Judge's decision holding that Petitioner Gus-
tavo Gomez-Diaz ("Gomez-Diaz") was a removable alien.
Gomez-Diaz petitions for review of the BIA's decision.[1]

_____

[1] We note that the Petitioner had named the Immigration and
Naturalization Service ("INS") as a respondent in this action.
Under the judicial review provisions of § 242 of the Immigration
and Nationality Act ("INA"), codified at 8 U.S.C. § 1252(b)(3)(A)
(2000), however, the Attorney General of the United States, not
the INS, is the proper respondent.

We affirm.[2]

## I. FACTUAL BACKGROUND

Gomez-Diaz was born in Mexico on August 24, 1959 and entered the United States for the first time on April 19, 1969, on an immigrant visa. Ten years later, on January 17, 1979, he was convicted of burglary in Milwaukee County Circuit Court and sentenced to three years in prison. On November 30, 1979, Gomez-Diaz was convicted in the same court of the reckless use of a weapon and was sentenced to a two-year term of incarceration, which was ordered to run concurrently with the burglary sentence.

On September 3, 1992, Gomez-Diaz was once again convicted, for possession with intent to deliver marijuana while armed. Less than three years later, on May 1, 1995, he was again sentenced by another Milwaukee County Circuit Court judge to an 18-month prison term for fleeing an officer.

In light of the petitioner's ever expanding list of criminal convictions, the Immigration and Naturalization Service ("INS") instituted formal removal proceedings against Gomez-Diaz under § 237(a)(2)(A) of the Immigration and Nationality Act ("INA"). On May 22, 2000, the INS gave a Notice to Appear via regular mail to Gomez-Diaz, then an inmate at the Wisconsin state prison in Waupun. Through counsel, Gomez-Diaz filed a motion to terminate the proceedings against him on the basis that he was a citizen of the United States pursuant to the Child Citizenship Act of

---

[2] We have considered the Petitioner's Motion to Take Judicial Notice of Vacatur, dated February 15, 2003, and find no merit to it. The fact that Gomez-Diaz's convictions in 1999 (for drug trafficking and possession of a firearm by a felon) were vacated by the Milwaukee County Circuit Court has no impact on the resolution of this petition, for the reasons described herein.

2000 ("CCA") (under 18 years of age), which revised the provisions in the INA and allowed for children who were born outside the United States to become citizens of this country.

In an order dated July 30, 2001, the Immigration Judge ("IJ") rejected Gomez-Diaz's argument, finding that CCA did not apply to individuals who were over 18 years of age on the effective date of the statute (*i.e.,* February 27, 2001) and that "[i]nasmuch as the respondent has been convicted of aggravated felonies . . . [he] is ineligible for all forms of relief [and] will be ordered removed to Mexico . . . ."

Gomez-Diaz appealed to the BIA, which affirmed the decision of the IJ. In a decision dated January 23, 2002, the BIA upheld the IJ's interpretation of the CCA, concluding that Gomez-Diaz, having been born in August 1959, was "well over the age of 18 years at the time the CCA was enacted on February 27, 2001." Further, the BIA determined that Gomez-Diaz was removable as an "aggravated felon" under 8 U.S.C. §§ 1101(a)(43)(B) and (G) for his drug-trafficking and burglary convictions.

Gomez-Diaz presents two issues for review: (1) whether he became a citizen of the United States by application of the relevant section of the CCA, 8 U.S.C. § 1431(a); and (2) whether the Board properly determined that his 1979 and 1992 convictions were "aggravated felonies" for which he was eligible for removal status pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

## II.  DISCUSSION

### A.  Applicability of the CCA

Gomez-Diaz claims that he automatically acquired United States citizenship when certain amendments to the INA took effect on February 27, 2001. This Court must decide the nationality claim in the absence of "a genuine issue of

material fact about the petitioner's nationality," pursuant to 8 U.S.C. § 1252(b)(5)(A). We review *de novo* legal issues presented in such claims, and defer to the BIA's factual findings, reversing them only if they "lack the support of substantial evidence in the record." *Naujalis v. INS*, 240 F.3d 642, 646 (7th Cir. 2001).

The Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631, revised the manner in which children of non-citizens born outside the United States are eligible to become U.S. citizens. The CCA amended section 320 of the INA to grant automatic United States citizenship to children who are born outside of the United States when all three of the following conditions have been fulfilled:

> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

> (2) The child is under the age of eighteen years.

> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431(a). Section 104 of the new law provided that this amendment "shall take effect 120 days after the date of the enactment of this Act and shall apply to individuals who satisfy the requirements of section 320 . . . of the Immigration and Nationality Act, as in effect on such effective date." As the CCA was signed by the president on October 30, 2000, the amendments to § 320 of the INA became effective on February 27, 2001.

Gomez-Diaz contends that as Congress used the word "individuals" rather than "children" in § 104 of the CCA (describing when the amendments were to become effective), the Act was intended to apply to adults and not just children. He argues that he should be considered as having met all the necessary conditions under § 320 and that he be granted citizenship, despite the uncontroverted fact that he was well over 18 years old on February 27, 2001.

What he fails to mention, however, is that Congress also used the present tense of the verb "satisfy" in another part of the same section. In order to qualify under the CCA, an individual must "satisfy the requirements" on February 27, 2001. Reading the statute in the self-serving manner in which Gomez-Diaz would have us read it would render meaningless the final clause "*as in effect on such effective date.*"

We are as unpersuaded with the argument as to the applicability of the CCA as were the other Circuit Courts of Appeal that encountered similar arguments. *See, e.g., United States v. Arbelo*, 288 F.3d 1262 (11th Cir. 2002) (per curiam), *cert. denied*, 123 S. Ct. 256 (Oct. 7, 2002); *Hughes v. Ashcroft*, 255 F.3d 752, 758-60 (9th Cir. 2001); *Nehme v. INS*, 252 F.3d 415, 430-32 & nn.19-20 (5th Cir. 2001). Thus, we affirm the BIA's conclusion that Gomez-Diaz is an alien.

## B. Aggravated Felonies

Section 1252(a)(2)(C) of Title 8 of the U.S. Code provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain of those criminal offenses classified as "aggravated felonies." Nevertheless, this Court has frequently held that this provision does not preclude us from determining whether the alien in question was convicted of a criminal offense that justifies deportation. *See, e.g., Bosede v. Ashcroft*, 309 F.3d 441, 445 (7th Cir. 2002); *Guerrero-Perez v. INS*, 242 F.3d 727, 730 (7th Cir. 2001); *Sandoval v. INS*, 240 F.3d 577, 580 (7th Cir. 2001); *Wedderburn v. INS*, 215 F.3d 795, 797 (7th Cir. 2000), *cert. denied*, 532 U.S. 904 (Mar. 5, 2001); *Xiong v. INS*, 173 F.3d 601, 604 (7th Cir. 1999) (noting that when judicial review hinges on a particular fact or legal conclusion, then a court may determine whether that condition exists).

Gomez-Diaz argues that his convictions in 1979 (for burglary) and 1992 (for possession of narcotics with intent to deliver while armed) should not be considered "aggravated felonies." He urges this Court not to apply retroactively the expanded definition of "aggravated felony" that resulted after the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). This Court has previously rejected this argument, pointing out that Congress clearly provided within the very text of the statute that the expanded definition of "aggravated felony" was to be applied retroactively. *See Flores-Leon v. INS*, 272 F.3d 433, 438-39 (7th Cir. 2001).

## III. CONCLUSION

We affirm the BIA's ruling that Gomez-Diaz is an alien who was convicted of an aggravated felony and is subject to deportation. His petition is DISMISSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*