# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 02-4207, 03-1578 & 03-1579

UJJAVAL B. DAVE,

*Petitioner-Appellant,*

v.

JOHN D. ASHCROFT,

*Respondent-Appellee.*

———————

Petitions for Review of Orders of
the Board of Immigration Appeals.
No. A37-063-018

———————

ARGUED DECEMBER 17, 2003—DECIDED APRIL 14, 2004

———————

Before KANNE, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Ujjaval Dave petitions for review of three orders of the Board of Immigration Appeals, one affirming the immigration judge's decision to deny his application for cancellation of removal, one denying his motion for the BIA to reconsider its summary affirmance of the IJ's decision, and one denying his motion to reopen his removal proceedings because his counsel was ineffective. The Department of Homeland Security moves to dismiss Dave's petitions for lack of jurisdiction. We grant the DHS's motion and dismiss Dave's petitions.

## Facts and Background Proceedings

Dave had been a legal permanent resident in the United States since his arrival from India in 1980 at the age of five. But in 1998, he was convicted of reckless discharge of a firearm and the Immigration and Naturalization Service subsequently charged him with removability under 8 U.S.C. § 1227(a)(2)(C) for using a firearm in violation of Illinois state law. Dave conceded removability for the firearms offense, but applied for cancellation of removal under 8 U.S.C. § 1229b(a).

The IJ found him eligible to apply for cancellation of removal because he was a lawfully admitted permanent resident for more than five years who has not been convicted of an aggravated felony. *See id.* The IJ then evaluated Dave's application using the balancing test set forth in *Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978), which requires an IJ to evaluate the circumstances of the applicant's situation and balance the equities in the applicant's favor against any adverse factors "that demonstrate his or her undesirability as a permanent resident in the United States*." Cortes-Castillo v. INS*, 997 F.2d 1199, 1202-03 (7th Cir. 1993). According to the IJ, the equities favoring Dave's situation were that he had been a legal resident since 1980; he spoke only English; he had no immediate relatives in India and his parents and siblings were all legally in the United States; and he graduated from high school and had been employed ever since. The IJ then balanced these equities against the following adverse factors: that besides his conviction in 1997 for reckless discharge of a firearm, from 1994-1997 he was ticketed for numerous traffic violations and convicted of both marijuana possession and contributing to the delinquency of a minor; that in 1998—after the INS started removal proceedings against him—Dave was convicted of a DUI; and that local authorities suspected that Dave had for several years been affiliated with a gang. The IJ found that the factors in Dave's

favor were outweighed by "his criminal record and his overall lack of responsibility for his actions," and denied Dave's application.

Dave appealed to the BIA, arguing that the IJ erred in evaluating his application by improperly requiring him to demonstrate "outstanding equities" to merit cancellation of removal, a heightened requirement under the *Marin* test that the BIA applied formerly to applicants with serious criminal backgrounds, *see Matter of Edwards*, 20 I. & N. Dec. 191, 195-96 (BIA 1990), but has since abandoned, *see In re Sotelo-Sotelo*, 23 I. & N. Dec 201 (BIA 2001). Dave argued that this error, along with some factual misstatements, led the IJ to place insufficient weight on the demonstrated equities of his application. The BIA affirmed the IJ's decision without an opinion. *See* 8 C.F.R. § 1003.1(e)(4).

Dave then filed a motion to reconsider, *see* 8 C.F.R. § 1003.2(b), arguing that the BIA should not have used its streamlining rule to dispose of his appeal because the IJ's alleged factual and legal errors necessitated review by a three-member panel. The BIA denied Dave's motion in a per curiam order. The BIA determined that the IJ did not improperly require Dave to demonstrate "outstanding equities" in evaluating his application, and that the IJ's discretionary decision to deny Dave's application was not erroneous given Dave's lack of candor and unwillingness to accept responsibility "for his past violations of the law."

Dave next filed a motion to reopen with the BIA, alleging ineffective assistance of counsel in his removal proceedings. *See* 8 C.F.R. § 1003.2(c)(1). Dave argued that his counsel's failure to present lay and expert witnesses to demonstrate hardship and rehabilitation prejudiced his application to the point that, if such testimony had been presented, the IJ would have found in his favor. The BIA denied this motion in another per curiam order, noting that Dave satisfied the threshold requirements for stating a claim for ineffective

assistance of counsel by filing the requisite affidavit, *see Matter of Lozado*, 19 I. & N. Dec. 637 (BIA 1988); *aff'd*, 857 F.2d 10 (1st Cir. 1988), but failed to establish that "the conduct of his former attorney caused him actual prejudice or was so egregious that it rendered the hearing unfair."

## Analysis

Dave petitions for review of all three adverse decisions of the BIA. The DHS, however, has moved to dismiss his petitions on the ground that we lack jurisdiction to review them under 8 U.S.C. § 1252(a)(2)(C), because Dave is removable for committing a firearms offense. Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" 8 U.S.C. § 1227(a)(2)(C), which encompasses "certain firearm offenses," including "using . . . any weapon . . . which is a firearm." *See Lemus-Rodriguez v. Ashcroft*, 350 F.3d 652, 654 (7th Cir. 2003); *Valerio-Ochoa v. Ashcroft*, 241 F.3d 1092, 1094 (9th Cir. 2001). This jurisdictional bar comes into play when, as here, the firearms offense forms the basis on which an alien was found to be removable. *Lemus-Rodriguez*, 350 F.3d at 654. Additionally, this jurisdictional bar extends to successive motions to reopen or reconsider a final order of removal, so it would preclude us from reviewing any of Dave's petitions. *See Nwaokolo v. INS*, 314 F.3d 303, 306 (7th Cir. 2002) (per curiam) ("Ms. Nwaokolo's motion to reopen is part and parcel of her deportation proceedings."); *Chow v. INS*, 113 F.3d 659, 664 (7th Cir. 1997) (an order of deportation includes "orders denying motions to reconsider and reopen"), *abrogated on other grounds by LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir. 1998); *Mayard v. INS*, 129 F.3d 438, 439 (8th Cir. 1997); *Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir. 1997) ("[W]here Congress explicitly withdraws our jurisdiction to review a

final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn."); *Patel v. United States Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003).

In response, Dave argues first that the DHS waived its objection to our subject matter jurisdiction when it did not raise this issue in its opening brief. This argument is a nonstarter, however, because we may not decide a case without subject matter jurisdiction and thus "neither the parties nor their lawyers may . . . waive arguments that the court lacks jurisdiction." *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000); *Seale v. INS*, 323 F.3d 150, 152 n.1 (1st Cir. 2003).

Dave next argues that, even if the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C) applies to his petitions, we nonetheless have jurisdiction to consider them because he has raised "substantial" constitutional issues. We retain jurisdiction over substantial constitutional claims "raised as a 'safety valve' to prevent 'bizarre miscarriages of justice.'" *Lara-Ruiz v. INS*, 241 F.3d 934, 939 (7th Cir. 2001) (quoting *Laguerre*, 164 F.3d at 1040). Dave raises two constitutional claims. First, he contends that the BIA violated his due process rights by streamlining his appeal and denying his motion to reconsider its decision to streamline, because BIA regulations do not permit streamlining when an IJ fails to follow BIA precedent or makes factual errors and consequently arrives at an incorrect decision, *see* 8 C.F.R. § 1003.1(e)(6). *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (aliens have a right to due process in immigration proceedings). Second, he argues that he was deprived of effective assistance of counsel, a right that—at least in immigration proceedings—also exists (if at all) under the due process clause, *see Pop v. INS*, 279 F.3d 457, 460 (7th Cir. 2002); *Chowdhury v. INS*, 241 F.3d 848, 854 (7th Cir. 2003).

Neither of these two alleged due process violations, however, presents a substantial constitutional issue such that

we would have jurisdiction to review it. In order to make out a claim for a violation of due process, a claimant must have a liberty or property interest in the outcome of the proceedings. *See Dandan v. Ashcroft*, 339 F.3d 567, 575 (7th Cir. 2003). But in immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief, *see Achacoso-Sanchez v. INS*, 779 F.2d 1260, 1264 (7th Cir. 1985), and the denial of such relief therefore cannot implicate due process, *see, e.g. Dandan*, 339 F.3d at 575-76 ("But, the decision when to commence deportation proceedings is within the discretion of the Attorney General and does not, therefore, involve a protected property or liberty interest. [citation omitted] As such, Dandan's due process argument does not get off the ground."); *Appiah v. INS*, 202 F.3d 704, 709 (4th Cir. 2000); *Finlay v. INS*, 210 F.3d 556, 557 (5th Cir. 2000); *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001); *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292-93 (10th Cir. 2001); *Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1146-48 (11th Cir. 1999). This rationale has been applied both to ineffective-assistance-of-counsel claims, *see Nativi-Gomez*, 344 F.3d at 808, and claims that the BIA improperly streamlined an appeal despite an IJ's use of an incorrect legal standard, *see Garcia v. Att'y Gen. of the United States*, 329 F.3d 1217, 1222-23 (11th Cir. 2003). Because cancellation of removal is a form of discretionary relief, *see Lemus-Rodriguez*, 350 F.3d at 653; *Gill v. Ashcroft*, 335 F.3d 574, 575 (7th Cir. 2003), Dave cannot raise a due process challenge to the BIA's denial of his application for cancellation of removal. Thus he does not present a "substantial constitutional claim," and we lack jurisdiction to review his petitions. *See Garcia*, 329 F.3d at 1222 ("[W]here a constitutional claim has no merit, [we] do not have jurisdiction.").

But even if Dave did have a liberty or property interest in the requested relief such that he could invoke due process, we would still lack jurisdiction to review his petitions. His

claim that the BIA violated due process by streamlining his appeal would face a separate jurisdictional bar, one that prevents us from reviewing the merits of an IJ's discretionary decision to deny an application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i) ("Denials of discretionary relief. Notwithstanding any other provision of law, no court shall have jurisdiction to review—(1) any judgment granting relief under . . . [8 U.S.C. § 1229b].");  *Carriche v. Ashcroft*, 335 F.3d 1009, 1017 (9th Cir. 2003) (determining if the BIA correctly streamlined an appeal requires a review of the merits of the IJ's decision); *see also Kharkhan v. Ashcroft*, 336 F.3d 601, 604 (7th Cir. 2002) (applying § 1252(a)(2)(B)(i) to denials of applications for cancellation of removal). This jurisdictional prohibition extends to claims that the IJ has made a legal or factual error, as Dave argues here. *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003) (The thing under review is the agency's final decision, not the language of its opinion; and if the decision is to withhold certain discretionary remedies, that's the end . . . . we lack jurisdiction whether or not the agency made a factual or legal error on the way to its decision.").

As to Dave's ineffective-assistance-of-counsel claim, we would lack jurisdiction over it because it fails even on the merits to present a substantial constitutional question. Dave essentially challenges his counsel's effectiveness in failing to present enough witnesses and adequate evidence to convince the IJ that he deserved to have his removal cancelled. But Dave does not point to any specific evidence or name any witness (except for his mother) that his counsel could have presented at his hearing to prompt the IJ to grant his application. Instead Dave makes only general allegations that do not reveal egregious errors or demonstrate that he was actually prejudiced by his counsel's performance, both of which Dave must show in order to succeed on a claim for ineffective assistance of counsel in immigration proceedings. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 827 (9th Cir. 2003).

Dave has not raised any substantial constitutional claims that could serve as a basis for us to assert jurisdiction to review his petitions. Thus we must grant the DHS's motion and DISMISS Dave's petitions.

We are not, however, unsympathetic to Dave's situation. Dave has spent a majority of his life in this country and became removable only after committing an offense that, in itself, rarely leads even to jailtime for a U.S. citizen. Dave has now been removed to India, separated from his family, and will not be able to return to the U.S. legally for at least 10 years, *see* 8 U.S.C. § 1182(a)(9)(ii)(I). Obviously he would not be in this predicament if he had become a U.S. citizen before the INS charged him with removability, *see* 8 U.S.C. § 1433. We note that Congress has reacted to situations like Dave's by enacting the Child Citizenship Act of 2000, Pub. L. 106-395, 114 Stat. 1631, *codified at* 8 U.S.C. § 1431(a), which grants automatic citizenship to children born outside of the United States who have at least one U.S. citizen parent. *See Ejelonu v. INS*, 355 F.3d 539 (6th Cir. 2004) (discussing the legislative history and passage of the CCA). Unfortunately for Dave, even though both his parents are U.S. citizens he does not qualify for automatic citizenship under the CCA because he was over the age of 18 on the CCA's effective date, February 7, 2001. *Gomez-Diaz v. Ashcroft*, 324 F.3d 913, 916 (7th Cir. 2003); *Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003); *Nehme v. INS*, 252 F.3d 415, 431 (5th Cir. 2001); *Hughes v. Ashcroft*, 255 F.3d 752, 760 (9th Cir. 2001); *United States v. Arbelo*, 288 F.3d 1262, 1263 (11th Cir. 2002); *In re Rodriguez-Tejedor*, 23 I. & N. Dec. 153 (BIA 2001); 8 C.F.R. § 320.2(a)(2).

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*