NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2007
Decided July 31, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2176

| | |
|---|---|
| NAFEZ KARIM, <br> *Petitioner,* | Petition for Review of an Order of the <br> Board of Immigration Appeals |
| *v.* | No. A76 766 689 |
| ALBERTO R. GONZALES, Attorney <br> General of the United States, <br> *Respondent.* | |

## O R D E R

Nafez Karim, a citizen of Jordan, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his immigration proceedings so he could apply a second time for cancellation of removal and apply in the first instance for asylum and relief under the Convention Against Torture. In the motion Karim emphasizes that he recently discovered he has been sentenced to imprisonment in Jordan for a crime he did not commit. The BIA found Karim's evidence "too general and unreliable" to demonstrate that he would likely be imprisoned if he returned to Jordan. We dismiss Karim's petition in part, and deny it in part.

Karim entered the United States on a student visa in 1987 and has since married and had two children, presently four and two years old. The Immigration and Nationality Services initiated removal proceedings against him in 2003. Karim admitted the facts contained in the Notice to Appear and conceded removability, but sought cancellation of removal under 8 U.S.C. § 1229b(b) based on the economic hardship his children would experience living in Jordan.

An immigration judge denied Karim's application because he failed to satisfy § 1229b(b)(1)(D), which requires that the hardship to his children be "exceptional and extremely unusual." *See* 8 U.S.C. § 1229b(b)(1)(D). The IJ explained that an applicant cannot demonstrate exceptional hardship based on poor economic conditions alone and concluded that Karim's children should have little other difficulty adjusting to life in Jordan because of their young age. The BIA affirmed, adopting the IJ's decision. Within 90 days, Karim filed the motion to reopen at issue in this appeal.

To substantiate his belief that he would be wrongfully imprisoned if he returned to Jordan, Karim presented two exhibits. First, he appended a peculiar letter from his attorney in Jordan warning him not to return because a judgment recorded in a so-called "Government computer" indicates he will be imprisoned for an unidentified crime.[1] Second, he produced a "Notification and subpoena Order" dated January 2006 that was purportedly requested by Jordan's "Registrar of Amman First Instance Executive Court," and which Karim claimed was verified by the Jordanian consulate located in Chicago. Karim noted that he had hired a Jordanian attorney after receiving the BIA's decision, and the attorney discovered the judgment in the process of renewing his passport. Karim insisted that he had no reason to have discovered the judgment sooner. He next argued that "his imprisonment in Jordan is directly correlated to the degree of hardship his U.S. Citizen children would suffer" and thus that his cancellation-of-removal claim should be reopened He also asserted that his discovery of his impending imprisonment made him eligible to apply for asylum and relief under CAT. He attached an incomplete asylum application that invoked both CAT and membership in an unspecified social group.

The BIA denied Karim's motion because it found his newly submitted evidence "too general and unreliable" to merit reopening. The BIA specifically noted three flaws in Karim's submission: he (1) failed to provide background

---

[1]Karim's brief cryptically hints that the judgment against him stems from a lawsuit "over a car" brought by a tribe that, he says, controls the courts in Jordan. Karim believes this tribe has sued him because he is Palestinian and because his brother "ran off" with a woman from the tribe.

information about the criminal or civil justice systems in Jordan necessary to put the "alleged conviction into context"[2]; (2) failed to explain why his attorney could not have inquired further into the alleged conviction; and (3) failed to explain why the subpoena was authenticated by the Jordanian consulate in Chicago rather than pursuant to 8 C.F.R. § 287.6(b), which requires official records from foreign countries to be certified by a United States Foreign Services officer stationed in the country where such records are kept. Without such information, the BIA concluded, it could not "assess the likelihood" that Karim would be imprisoned or subjected to harm if he returned to Jordan. Karim petitioned for review.

Karim takes issue with the BIA's rejection of his evidence as "too general and unreliable." He asserts that his newly submitted evidence—the letter from his Jordanian attorney and the subpoena—is sufficiently specific and reliable to show that he would be imprisoned for a crime he did not commit if he returned to Jordan. That fate, in his view, establishes his prima facie eligibility for cancellation of removal, asylum, and relief under CAT, and thus he contends that the BIA erred by denying his motion.

Motions to reopen are "strongly disfavored," and the BIA's decision to deny a motion to reopen is reviewed for an abuse of discretion. *Selimi v. Ashcroft,* 360 F.3d 736, 739 (7th Cir. 2004). The BIA may deny a motion to reopen if, among other reasons, the petitioner fails to establish prima facie eligibility for the underlying relief sought. *Fessehaye v. Gonzales,* 414 F.3d 746, 754 (7th Cir. 2005); *Awad v. Ashcroft,* 328 F.3d 336, 341 (7th Cir. 2003).

Initially Karim addresses his eligibility for cancellation of removal. He argues that the BIA erred in denying his motion since, in his opinion, his children would face "exceptional and extremely unusual hardship" if he were imprisoned and could not work. *See* 8 U.S.C. § 1229b(b)(1)(D). The government counters that 8 U.S.C. § 1252(a)(2)(B) strips this court of jurisdiction to hear Karim's argument. Karim does not respond to the government.

We agree with the government's point. Karim seeks review of an exercise of discretion regarding cancellation of removal under § 1229b, but decisions under that section are not reviewable by the federal courts. 8 U.S.C. § 1252(a)(2)(B)(i) (" . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title"); *Martinez-Maldonado v. Gonzales,* 437 F.3d 679, 683 (7th Cir. 2006) (jurisdiction

---

[2]The subpoena does not explain whether the underlying matter is criminal or civil. Nor does it indicate whether Karim is a party to the underlying matter or simply a potential witness.

lacking to review BIA's denial of motion to reopen based on determination that hardship would not be "exceptional and extremely unusual"); *Dave v. Ashcroft,* 363 F.3d 649, 652 (7th Cir. 2004). *Accord Patel v. United States Att'y Gen.,* 334 F.3d 1259, 1262 (11th Cir. 2003); *Rodriguez v. Ashcroft,* 253 F.3d 797, 800 (5th Cir. 2001). And nothing in the REAL ID Act of 2005 alters that result here because Karim raises neither "constitutional claims" nor "questions of law." 8 U.S.C. § 1252(a)(2)(D); *see Mireles v. Gonzales,* 433 F.3d 679, 968 (7th Cir. 2006).

Karim next deals with his request to apply for asylum. He argues without elaboration that the BIA erred in denying reopening because, according to Karim, the letter from his attorney and the subpoena demonstrate that he has a reasonable fear of future persecution.

The BIA did not abuse its discretion by finding Karim's evidence "too general and unreliable" to form the basis of such a showing. If an asylum applicant seeks reopening based on previously unavailable evidence, the BIA may still deny the motion if the applicant fails to demonstrate a reasonable likelihood that he could ultimately establish his eligibility. *See Kay v. Ashcroft,* 387 F.3d 664, 674 (7th Cir. 2004)*; Awad v. Ashcroft,* 328 F.3d 336, 341 (7th Cir. 2003). In Karim's case, he would have to demonstrate that his fear of future persecution is both subjectively genuine and grounded in an objectively reasonable basis. *See Gomes v. Gonzales,* 473 F.3d 746, 755 (7th Cir. 2007); *Ahmed v. Ashcroft,* 348 F.3d 611, 618 (7th Cir. 2003). This he cannot do. Nothing in this record, for instance, provides background information about the judicial system in Jordan that would explain the significance of the subpoena, let alone suggests why the recipient of a subpoena in Jordan should reasonably fear imprisonment. In any event, Karim did not explain why imprisonment in his case would have amounted to "persecution." "[T]he asylum statute . . . requires persecution 'on account of' one of the five protected statutory grounds [race, religion, nationality, membership in a social group, or political opinion]." *Tamas-Mercea v. Reno,* 222 F.3d 417, 425 (7th Cir. 2000); 8 U.S.C. § 1101(a)(42)(A). *See also Wang v. Gonzales,* 445 F.3d 993, 998 (7th Cir. 2006) (concluding that alien's failure to demonstrate she was persecuted "because of" her membership in enumerated group "doom[ed]" her claim); *Kharkhan v. Ashcroft,* 336 F.3d 601, 605 (7th Cir. 2003) (same).

Karim finally argues that the BIA should have granted his motion because he established his prima facie eligibility for relief under CAT. But because Karim has not met the more lax burden of proof to demonstrate prima facie eligibility for asylum, there is no need for us to consider his eligibility under the more stringent standards that apply to CAT. *See* 8 C.F.R. § 208.16(c)(2); *Shmyhelskyy v. Gonzales,* 477 F.3d 474, 481-82 (7th Cir. 2007).

For these reasons, we DISMISS Karim's petition for review of his cancellation-of-removal claim, and DENY Karim's petition for review of his asylum and CAT claims.