NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009[*]
Decided August 20, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1560

| | |
|---|---|
| SAMUEL DURAND, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | |
| | |
| ERIC H. HOLDER, JR., Attorney | No. A046 029 015 |
| General of the United States, | |
| *Respondent*. | |

**O R D E R**

Samuel Durand, a citizen of Haiti, contested his removal on the ground that he was eligible for citizenship through his father, a naturalized United States citizen. The immigration judge rejected Durand's arguments and ordered him removed. The Board of

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Immigration Appeals affirmed, and Durand now petitions for review.  We deny the petition.

Durand was born in Haiti on June 19, 1980 to Haitian parents.  He does not know if his parents were married at the time of his birth, but he believes that they married before he turned eighteen.  In 1995, Durand's father, who has since died, became a naturalized citizen of the United States.  Durand and his mother followed his father to the United States the next year and later became lawful permanent residents.  In 2007, Durand was convicted of robbery and aggravated battery under Illinois law and sentenced to four years' imprisonment.  *See* 720 ILL. COMP. STAT. 5/18-1(a); 5/12-4(b)(8).  That year Durand was also convicted of manufacturing and delivering cannabis and sentenced to an additional two years in prison.  *See* 720 ILL. COMP. STAT. 550/5(d).  Based on these convictions for aggravated felonies, the Department of Homeland Security initiated removal proceedings against him.  *See* 8 U.S.C. §§ 1101(a)(43)(F), (G); 1227(a)(2)(A)(iii).  In addition to claiming that he could not be removed because he was eligible for derivative citizenship through his father, Durand also applied for relief under the Convention Against Torture.

At his removal hearing, an immigration judge (IJ) explained on the record that, although current law provides that alien children under eighteen qualify for citizenship if either of their parents become citizens, that law's application is limited to children who were under eighteen in or after 2001, when the law became effective.  Because Durand turned eighteen in 1998, the IJ reasoned that he was foreclosed from establishing citizenship through his father.  The IJ therefore rejected Durand's claim of derivative citizenship.  The IJ also denied Durand relief under the CAT because he had not shown that he was tortured in Haiti and had not presented any credible evidence that he would be mistreated if he returned to Haiti.

On appeal Durand principally challenges the IJ's conclusion that he was statutorily ineligible for citizenship through his father.  Where, as here, the Board adopts the IJ's decision without further analysis of its own, we review the IJ's decision directly.  *See Castilho de Oliveira v. Holder*, 564 F.3d 892, 896 (7th Cir. 2009).  Although Durand's aggravated felonies limit the scope of our review of his removal order to constitutional and legal questions, his contention that the IJ applied the wrong statute to resolve his eligibility for citizenship is a question of law which falls within the scope of our jurisdiction.  *See Bosede v. Mukasey*, 512 F.3d 946, 950-51 (7th Cir. 2008); *Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005).

Durand wants us to assess his citizenship claim under the Child Citizenship Act of 2000, which provides that a child born outside of the United States automatically becomes a

citizen when several conditions have been fulfilled, including that the child has at least one citizen parent, is under eighteen, and lives in the United States in the custody of the citizen parent. 8 U.S.C. § 1431(a). Durand assumes that this Act necessarily applies to him because he met these three requirements in the past—he moved to the United States to live with his father, a naturalized United States citizen, in 1996, two years before he turned eighteen—and thus, he says, he cannot be removed. *See, e.g., Wedderburn v. INS,* 215 F.3d 795, 797 (7th Cir. 2000) (noting that citizenship is defense against removal). Unfortunately for Durand, as the IJ correctly stated, he had to establish that he satisfied the statutory requirements *after* the Act's effective date, February 26, 2001, to be eligible for citizenship under the law. *See* 8 C.F.R. § 320.2(a); *see also Pina v. Mukasey,* 542 F.3d 5, 7 (1st Cir. 2008); *Dave v. Ashcroft,* 363 F.3d 649, 654 (7th Cir. 2004). And Durand turned eighteen in 1998, three years *before* the Act took effect.

His claim to citizenship is therefore resolved under the legal regime that preceded the Child Citizenship Act. *See Dave,* 363 F.3d at 654; *see also Poole v. Mukasey,* 522 F.3d 259, 264 (2d Cir. 2008) (claims of derivative citizenship are decided by looking to the law in effect when a petitioner fulfilled the last requirement for citizenship). The prior test for derivative citizenship provided that a child born outside the United States to alien parents was a citizen if one of the following conditions applied:

(1) the naturalization of both parents; or

(2) the naturalization of the surviving parent if one of the parents is deceased; or

(3) the naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

(4) such naturalization takes place while such child is unmarried and under the age of 18 years; and

(5) such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause 8 U.S.C. § 1432(1), or the parent naturalized under clause (2) or (3), or thereafter begins to reside permanently in the United States while under the age of 18 years.

8 U.S.C. § 1432(a) (repealed). Durand meets the conditions in subsections (4) and (5)—his father was naturalized when Durand was single and under 18, and he thereafter began residing permanently in the United States—so he is eligible for derivative citizenship if any of clauses (1) to (3) applies. *See Poole,* 522 F.3d at 265; *Wedderburn,* 215 F.3d at 797. Subsections (1) and (2) are inapplicable, since only Durand's father was naturalized and his mother is still alive. And Durand similarly does not satisfy either of the two options presented by subsection (3): his parents were never legally separated, and although he believes that he was born out of wedlock, his mother has not been naturalized. Durand is therefore ineligible for citizenship, and the IJ correctly denied his claim.

In the issue section of his brief, Durand also asserts that he was denied due process when the IJ rejected his claim for relief under the CAT. Durand never develops the argument, however, and so it is abandoned. *See Ogayonne v. Mukasey,* 530 F.3d 514, 522 (7th Cir. 2008); *Haxhiu v. Mukasey*, 519 F.3d 685, 692 (7th Cir. 2008). But in any event, we see nothing in the record that demonstrates legal error. Applicants seeking relief under the CAT must show that it is "more likely than not" that they will be tortured if removed. 8 C.F.R. § 1208.16(c)(2); *see Rapheal v. Mukasey*, 533 F.3d 521, 526-27 (7th Cir. 2008). And here the IJ applied the correct legal standard and ruled that Durand failed to present any credible evidence in support of his claim that he would likely be tortured if he returned to Haiti, a conclusion that is insulated from appellate review. *See Hamid,* 417 F.3d at 647.

**DENIED**.