**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2471

FREDDIE LUBOYA MUSANGU,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 21, 2013          Decided: April 4, 2013

Before KING, DAVIS, and DIAZ, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Freddie Luboya Musangu, Petitioner Pro Se.  Laura M.L. Maroldy, Nicole J. Thomas-Dorris, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Luboya Musangu, a native and citizen of the Democratic Republic of the Congo ("DRC"), petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen proceedings. We dismiss the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2012). The time limit does not apply if the basis for the motion is to seek asylum based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); see also 8 C.F.R. § 1003.2(a). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall

2

state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Also, the motion shall not be granted unless it appears to the Board that the evidence "sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]" Id.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), this court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Musangu] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If the court is able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), the court can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Circuit courts have uniformly held that the prohibition against reviewing final orders of removal when the alien is removable for having been convicted of an aggravated

3

felony or other criminal offense extends to denials of motions to reopen. See Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009) (motion to reopen to apply for relief under the Convention Against Torture); Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008); Cruz v. Attorney Gen., 452 F.3d 240, 246 (3d Cir. 2006); Durant v. INS, 393 F.3d 113, 115 (2d Cir. 2004); Dave v. Ashcroft, 363 F.3d 649, 652 (7th Cir. 2004); Patel v. Attorney Gen., 334 F.3d 1259, 1262 (11th Cir. 2003); Sarmadi v. INS, 121 F.3d 1319, 1321 (9th Cir. 1997).

It is uncontested that Musangu is an alien who was found removable for having been convicted of an aggravated felony. Thus, our review is limited to constitutional claims and questions of law. Musangu fails to raise either a constitutional question or a question of law regarding the Board's finding that he did not show a change in country conditions as it relates to his circumstances.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

4