Khalid **KHALAYLEH**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

No. 01–9504.

United States Court of Appeals, Tenth Circuit.

April 23, 2002.

Jim Salvator, Lafayette, CO, for Petitioner.

Christine A. Bither, Senior Litigation Counsel (Robert D. McCullam, Jr., Assistant Attorney General, and Margaret J. Perry, Senior Litigation Counsel, with her on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Before KELLY, Circuit Judge, BRORBY, Senior Circuit Judge, and HARTZ, Circuit Judge.

HARTZ, Circuit Judge.

On April 14, 2000, Petitioner Khalid Khalayleh, a resident alien at the time,

was convicted of bank fraud. An immigration judge ruled that Petitioner's offense constituted an "aggravated felony," as defined by the Immigration and Nationality Act, and ordered his removal from the United States in accordance with 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Petitioner's appeal to the Board of Immigration Appeals was dismissed. He then petitioned this court for relief. Respondent Immigration and Naturalization Service (INS) moves to dismiss the petition under 8 U.S.C. § 1252(a)(2)(C), which states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed . . . [an aggravated felony] . . . ." *But cf. INS v. St. Cyr,* 533 U.S. 289, 293–97, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (permitting review of petition for habeas corpus by alien convicted of aggravated felony). We grant the motion.

■ Although we ultimately hold that we do not have jurisdiction to review Petitioner's petition, we do have jurisdiction to determine the applicability of the jurisdictional bar of § 1252(a)(2)(C). *See Tapia Garcia v. INS,* 237 F.3d 1216, 1220 (10th Cir.2001). Thus, we must determine whether Petitioner's conviction was for an aggravated felony. Ironically, our resolution of the jurisdictional issue also resolves the merits of the petition that we lack jurisdiction to review.

■ The statutory definition of "aggravated felony" includes a number of offenses. The language relied upon by the INS is as follows: "The term 'aggravated felony' means . . . an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000 . . . ." 8 U.S.C. § 1101(a)(43)(M)(i). Petitioner does not dispute that he was convicted of an offense that "involves fraud." His challenge relates to the scope of the offense and the resulting "loss to the victim or victims."

Petitioner's conviction was founded on a guilty plea to one count of an indictment in accordance with a plea agreement. The indictment contains four counts charging violations of 18 U.S.C. § 1344(1), which imposes criminal penalties on anyone who "knowingly executes, or attempts to execute, a scheme or artifice . . . to defraud a financial institution. . . ." Each of the counts incorporates the same two paragraphs alleging a scheme by Petitioner to defraud Bank One Colorado, N.A. (Bank One) and Colorado National Bank (CNB) in December 1995. According to the two paragraphs, the scheme included knowingly writing six insufficient-funds checks on his accounts at three banks, depositing the six checks into his accounts at CNB and Bank One, and then writing several checks, "four of which are specifically described below," to obtain funds for his personal use. Each of the four counts then describes a specific check written by Petitioner.

Petitioner pleaded guilty to Count Two of the indictment. The specific check listed in that count is a check in the amount of $9,308. Petitioner's plea agreement states that he agrees "to pay restitution in the amount of the 'actual loss,' to be determined by the court at sentencing." The court ordered restitution of $24,324.03.

Petitioner contends that he was not convicted of an offense "in which the loss to the victim or victims exceeds $10,000," because the specific check listed in Count Two of the indictment is in the amount of only $9,308. In essence, his argument is that the offense to which he pleaded was merely the fraudulent issuance of the single check, and therefore the "loss to the victim or victims" cannot exceed the amount of the check.

In support of his argument he would have us rely on the "principle of construing any lingering ambiguities in deportation statutes in favor of the alien." *INS v. Cardoza–Fonseca,* 480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The INS counters with authority that we must defer to the Board of Immigration Appeals' interpretation of the immigration laws when " 'the statute is silent or ambiguous with respect to the specific issue' before it." *INS v. Aguirre–Aguirre,* 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Neither canon applies here, however, because there is no ambiguity with respect to the meaning of the statutory language in the context of this case.

Petitioner reads the indictment as if each count alleged a discrete fraud involving a single check. If that were how the indictment had been written, his contention might have merit. In that circumstance, even if a plea agreement gave the district court authority to order restitution with respect to all four checks in the indictment, *see* 18 U.S.C. § 3663(a)(3), perhaps only the check in the count to which the defendant pleaded could properly be considered in determining the amount of the loss for purposes of the definition of aggravated felony.

But that is not the circumstance here. Count Two of the indictment did not allege a discrete fraud involving only the $9,308 check. It alleged a scheme to defraud that encompassed a number of checks. For the purposes of § 1101(a)(43)(M)(i), there is no ambiguity regarding the scope of the offense to which Petitioner pleaded. The "offense" of conviction was the entire scheme charged in Count Two of the indictment. Hence, the "loss" to be mea-sured is the loss resulting from that scheme.

There remains only the issue of how much loss was suffered by the victims of the entire scheme. Petitioner, however, does not dispute that this loss exceeded $10,000. Accordingly, we hold that Petitioner was convicted of an aggravated felony. We therefore lack jurisdiction and DISMISS Petitioner's petition.