**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SEN YUAN LI, also known as
Simon Li,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

No. 01-9546
(BIA No. A74 148 307)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Sen Yuan Li seeks review of a decision of the Board of Immigration Appeals that upheld a final order of removal. We dismiss the petition for lack of jurisdiction.

Mr. Li, a native and citizen of Taiwan, entered the United States in 1992 as a non-immigrant visitor. His status was adjusted to lawful permanent resident in 1995 after he married a United States citizen. The Immigration and Naturalization Service instituted deportation proceedings against Mr. Li on August 11, 1999, charging that he was removable based on past criminal convictions in Taiwan that he had not disclosed to the agency. Mr. Li was later found removable because he had been convicted in Taiwan of possession of a controlled substance and assault resulting in death. His requests for relief from removal were denied.

Petitioner raises several arguments on appeal, but we lack jurisdiction to consider them. Under 8 U.S.C. § 1252(a)(2)(C), this court is without jurisdiction to review a final order of removal when "an alien . . . is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . of this title." Section 1182(a)(2) includes "a violation of (or a conspiracy or attempt to violate) any law or regulation of . . . a foreign country relating to a controlled substance." § 1182(a)(2)(A)(i)(II). Because Mr. Li was convicted of possession of a controlled substance in Taiwan, we lack jurisdiction to review the final order

of removal.   See <u>Khalayleh v. INS</u>, 287 F.3d 978, 979 (10th Cir. 2002).

Petitioner's contention that he was convicted in absentia is not supported by the

record and we therefore reject his argument that his controlled substance

conviction should not be considered.  We do not reach petitioner's arguments that

his assault conviction is not covered by § 1252(a)(2)(C).

The petition for review is DISMISSED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge