**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FARHAD FARHANG,

Petitioner,

v.

JOHN ASHCROFT,

Respondent.

No. 04-9544
(No. A-29-674-725)
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **MURPHY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

We have for consideration petitioner Farhad Farhang's motion for a stay of removal pending review and the government's motion to dismiss the petition for

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

review for lack of jurisdiction. Based on our review of the parties' materials and the administrative record, the government's motion to dismiss is granted, and petitioner's motion for a stay of removal is denied as moot.

## Facts and Procedural History

Petitioner is a native and citizen of Iran. He was born in 1967 and was brought by his mother to the United States in 1985, when he was seventeen years old. He became a lawful permanent resident in 1996. In June 2003, petitioner pleaded guilty in the State of Utah to a third-degree felony, "Enticing a minor over the Internet." Utah Code Ann. § 76-4-401. The record shows that petitioner was given an indeterminate sentence of zero to five years, which was suspended. Petitioner was ordered to serve thirty days in county jail, but he was allowed to perform 100 hours of community service in lieu of eleven of those days, so he actually served only nineteen days. The record does not show the underlying facts of petitioner's conviction, although he asserts that "there was in fact no actual minor victim in the case at bar." Pet'r's Reply Br. at 2. He implies that he e-mailed an undercover law enforcement officer posing as a child.

The immigration judge (IJ) held that petitioner was removable based on his state conviction. The IJ also summarily denied petitioner's applications for asylum and for withholding of removal under the Immigration and Nationality Act (INA) on the basis that his state conviction was an aggravated felony and he was

-2-

therefore statutorily ineligible for that relief. The IJ denied petitioner's application for withholding of removal under the Convention Against Torture on the merits. The Board of Immigration Appeals (BIA) affirmed without opinion, and so this court will review the IJ's reasoning on appeal. Yuk v. Ashcroft, 355 F.3d 1222, 1230 (10th Cir. 2004).

## The Parties' Arguments

Petitioner argues that his conviction is not an aggravated felony within the meaning of the INA and that the IJ therefore should have decided his claims for asylum and withholding of removal under the INA on the merits. Based on this merits argument, petitioner contends that he is entitled to a stay of removal pending review. The government correctly points out, however, that the IJ's holding that petitioner committed an aggravated felony implicates more than just the merits, that is, the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C). The government submits that petitioner committed an aggravated felony–either enticing a minor over the Internet or attempted sexual abuse of a child–and argues that the petition for review should be dismissed for lack of jurisdiction and the motion for stay of removal denied as moot. In the alternative, the government argues that petitioner fails to meet the requirement of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) to demonstrate by clear and convincing evidence that he is entitled to a stay.

<u>"Aggravated Felony" under the INA</u>

Although we do not have jurisdiction over an immigration appeal filed by an aggravated felon, we do have jurisdiction to determine whether petitioner is an aggravated felon and the jurisdictional bar applies. <u>Khalayleh v. INS</u>, 287 F.3d 978, 979 (10th Cir. 2002) (citing § 1252(a)(2)(C)). To the extent it is relevant to the motions before us, the INA defines "aggravated felony" to include "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). The INA does not further define "sexual abuse of a minor," however. <u>See</u> <u>id.</u>

Because the INA does not define the term "sexual abuse of a minor" at all, the INA does not fully define the term "aggravated felony." To fill this gap, the BIA has decided to borrow the definition of "sexual abuse" in 18 U.S.C. § 3509(a)(8). <u>See</u> <u>In re Rodriguez-Rodriguez</u>, 22 I. & N. Dec. 991, at Part III C (BIA 1999). Section 3509(a)(2) defines "child" as "a person under the age of 18 . . . ." Section 3509(a)(8) defines "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children . . . ." This language clearly encompasses enticing a child over the Internet, but the Utah statute also includes a prohibition against enticing an adult the defendant believes to be a minor. <u>See</u> Utah Code Ann. § 76-4-401(1). For

-4-

this reason, petitioner argues that his state conviction does not fit within the definition in § 3509(a). The IJ held that it was "on all fours." Admin. R. at 43.

## Standards of Review

We defer to the agency's interpretation of an ambiguous statute if it is reasonable <u>and</u> if it is a statute the agency administers. <u>Tapia Garcia v. INS</u>, 237 F.3d 1216, 1220 (10th Cir. 2001) (citing <u>Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984)). We owe the agency no deference in interpreting non-immigration statutes, however. <u>See</u> <u>Chevron</u>, 467 U.S. at 842-43 & n.9; <u>Francis v. Reno</u>, 269 F.3d 162, 168 (3d Cir. 2001); <u>Mugalli v. Ashcroft</u>, 258 F.3d 52, 55-56 (2d Cir. 2001). Thus, we review the agency's interpretation of § 3509(a) de novo.

## Utah Statute

The Utah statute under which petitioner was convicted prohibits "knowingly us[ing] a computer to solicit, seduce, lure, or entice, or attempt[ing] to use a computer to solicit, seduce, lure, or entice a minor <u>or a person the defendant believes to be a minor</u> to engage in any sexual activity which is a violation of state criminal law." Utah Code Ann. § 76-4-401(1) (emphasis added). Petitioner argues that under the "categorical approach" to statutory

interpretation, the Utah statute does not constitute an aggravated felony under the INA.

"Categorical Approach" to Statutory Interpretation

The Supreme Court applied a "categorical approach" to statutory interpretation in <u>Taylor v. United States</u>, 495 U.S. 575 (1990), when the Court considered whether a criminal defendant's prior state burglary convictions constituted "burglary," as defined by 18 U.S.C. § 924(e) (which would have made the defendant subject to an enhancement on his federal sentence). The Court held that courts should take a "categorical approach" to that question instead of looking at the facts underlying the defendant's state convictions. <u>See id.</u> at 600-02. The generic definition of burglary under the federal statute was the unlawful entry of a building with intent to commit a crime. <u>See id.</u> at 598. Under the categorical approach, a court considering whether a prior state conviction falls within the federal definition may look at: (1) the state statutory definition, or (2) the charging paper and jury instructions to find the answer. <u>Id.</u> at 602. So, for example, if a state burglary statute "include[s] entry of an automobile as well as a building," the government may nevertheless use the state conviction for the federal sentence enhancement "if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to

-6-

convict . . . ." Id. This court has employed the categorical approach described in Taylor. E.g., United States v. Vigil, 334 F.3d 1215, 1218-19 (10th Cir.), cert. denied, 124 S. Ct. 592 (2003); United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993).

In this case, petitioner argues that the Utah statute under which he was convicted is broader than the federal criminal definition in 18 U.S.C. § 3509(a), because the federal statute has no "or person the defendant believes to be a minor" language. Rather, he argues, § 3509(a) applies by its plain language to children under the age of eighteen. But petitioner stopped short in his argument and in his showing.

If petitioner was convicted of enticing a child over the Internet, then his state conviction substantially corresponds to the language of § 3509(a), and he committed an aggravated felony. But petitioner asserts that there was no actual child involved in his offense. Because the language of Utah Code Ann. § 76-4-401 arguably is divisible into an offense that falls within § 3509(a) and another that does not, we must ask what petitioner was actually convicted of. See Taylor, 495 U.S. at 602. To answer this question, we may look at "the indictment, plea, verdict, and sentence (or any other documents admissible under the federal regulations to prove a criminal conviction)." Santapaola v. Ashcroft, 249 F. Supp. 2d 181, 189 (D. Conn. 2003); see also United States v.

Pallares-Galan, 359 F.3d 1088, 1099 (9th Cir. 2004).  And here is where petitioner's proof fails:  there is nothing in the administrative record to show that there was no minor involved in his offense.  Indeed, the government asserted at the administrative hearing that a thirteen-year-old girl was involved, and petitioner did not dispute that assertion.  Admin. R. at 71-73.

As the party seeking the exercise of jurisdiction, petitioner is responsible for proving the jurisdictional facts.  See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936).  Because he has not done so, the government's motion to dismiss is granted, and petitioner's motion for stay of removal is moot.

We find it unnecessary to address the government's argument that petitioner is guilty of attempted sexual abuse of a child, which, it asserts, is also an aggravated felony.  We also find it unnecessary to consider the government's argument that the legal standard for a temporary stay of removal is heightened by 8 U.S.C. § 1252(f)(2).

The government's motion to dismiss is GRANTED and the petition for review is DISMISSED.  Petitioner's motion for a stay of removal is denied as moot.

ENTERED FOR THE COURT
PER CURIAM