**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK WILLIAM BITTERMAN,

Petitioner,

v.

JOHN ASHCROFT; TOM RIDGE,
DEPT. OF HOMELAND SECURITY;
BUREAU OF CUSTOM &
IMMIGRATION ENFORCEMENT,

Respondents.

No. 03-9600
(BIA No. A42-315-662)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** , **
Chief District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* The Honorable Robin J. Cauthron, Chief District Judge, United States
District Court for the Western District of Oklahoma, sitting by designation.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner seeks review of a decision of the Board of Immigration Appeals ordering his removal as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").  Generally, judicial review of such orders is barred by 8 U.S.C. § 1252(a)(2)(C), [1] which abrogates our jurisdiction if the conditions for removal under § 1227(a)(2)(A) are established.  Courts ascertain their own jurisdiction, however, and we must determine whether this statutory bar applies.        *Khalayleh v. INS*, 287 F.3d 978, 979 (10   th Cir. 2002).  Under § 1252(a)(2)(C), the court retains jurisdiction to decide whether the petitioner is (i) an alien (ii) deportable (iii) by reason of a criminal offense listed in the statute.       *Tapia Garcia* , 237 F.3d at 1220. Petitioner challenges his status as an alien.  Therefore, the court is conducting a limited review of that jurisdictional fact to determine whether to dismiss the petition for review under § 1252(a)(2)(C) for lack of jurisdiction.  This inquiry necessarily involves a consideration of petitioner's substantive argument.

---

[1]        Section 1252(a)(2)(C) states:  "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . section 1227(a)(2)(A)(iii)."  This statutory bar applies where, as here, removal proceedings commenced after April 1, 1997.        *Tapia Garcia v. INS*  , 237 F.3d 1216, 1219 (10  th Cir. 2001).

Petitioner claims that he is entitled to U.S. citizenship under the Child Citizenship Act (CCA), 8 U.S.C. §§ 1431 and 1433. For the reasons explained below, we reject this claim on the merits, which, as we have indicated, requires us to dismiss for lack of jurisdiction. *See Khalayleh*, 287 F.3d at 979. Petitioner has also raised a number of constitutional issues in connection with his removal under § 1227(a)(2)(A), but this court recently made it clear that such issues fall within the jurisdictional bar of § 1252(a)(2) as well. *See Latu v. Ashcroft*, No. 03-1215, 2004 WL 1551593, at *4-*5 (10 th Cir. July 12, 2004).

Petitioner was born in Canada in November 1982, and was later adopted by an American mother and Canadian father. He entered the United States with his parents when he was eight years old and has resided here with his mother ever since. At nineteen, he was convicted of robbery, prompting commencement of these removal proceedings. Petitioner has resisted his removal on the ground that, by virtue of the CCA, he is a U.S. citizen and therefore categorically beyond the reach of § 1227(a)(2)(A). This defense founders on chronology.

The CCA grants automatic citizenship to children born outside the country if certain requirements are satisfied. Specifically, under the most recent version of § 1431(a) at issue here, enacted as Pub. L. No. 106-395, Title I, § 101(a), 114

Stat. 1631 (October 30, 2000), a foreign born child automatically becomes a U.S. citizen when all of the following conditions are fulfilled:

(1) At least one parent of the child [biological or adoptive] is a citizen of the United States,  whether by birth or naturalization.

(2) The child is under the age of eighteen years.

(3) The child is residing in the United Sates in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

The problem for petitioner is that Congress specifically directed that this version of the statute "shall take effect 120 days after the date of [its] enactment [October 30, 2000] and shall apply to individuals who satisfy the requirements . . . *on such effective date* ." Pub. L. No. 106-395, Title I, § 104, 114 Stat. 1633 (emphasis added). Petitioner turned eighteen after enactment but before the effective date and, thus, did not satisfy the statutory age requirement at the requisite time.

Petitioner argues that he should have the benefit of the amended version of the statute even though he did not meet one of its conditions by the time it came into effect, because he would have qualified had the amendment become effective at an earlier date. The many circuits that have considered such an argument have all enforced the plain terms of the quoted Congressional directive and refused to impose a contrary retrospective gloss for the benefit of over-age petitioners. *See, e.g.* , *Gomez-Diaz v. Ashcroft* , 324 F.3d 913, 916 (7 th Cir. 2003); *Drakes v. Ashcroft* , 323 F.3d 189, 191 (2d Cir. 2003); *United States v. Arbelo* , 288 F.3d

1262, 1263 (11 th Cir. 2002); *Hughes v. Ashcroft*, 255 F.3d 752, 759-60 (9 th Cir. 2001); *Nehme v. INS*, 252 F.3d 415, 430-33 (5 th Cir. 2001). We follow this uniform application of the statute here.

Petitioner emphasizes that he did not turn eighteen until after enactment of the statute and insists that this distinguishes his case for exceptional treatment. But given Congress' express specification of a later effective date for determining whether individuals satisfy the statutory requirements, the fact that petitioner was of qualifying age when the statute was enacted is of no legal significance. The enactment date would be important *if* Congress had not given a clear direction that the statute was to take effect at a different time, *Gozlon-Perez v. United States*, 498 U.S. 395, 404 (1991), but it is just such a direction that petitioner is seeking to circumvent here by shifting attention to the date of enactment. We hold that petitioner is not entitled to automatic citizenship under § 1431.

Petitioner argues alternatively that he should be granted a certificate of citizenship under § 1433, which allows a citizen parent to apply for naturalization of a foreign born child who has not acquired automatic citizenship under § 1431. Petitioner acknowledges that his age also disqualifies him for this relief, which is available only for children under eighteen, 8 U.S.C. § 1433(a)(3), but he insists the government should be estopped from asserting this disqualification. He alleges that upon their entry into the country in 1991, his mother inquired about

-5-

applying for his naturalization but was lulled into forgoing the opportunity by the INS, which erroneously told her that he would not be eligible for citizenship until he turned eighteen.

This court has recognized that equitable estoppel may be asserted against the government in immigration cases, but cautioned that relevant Supreme Court jurisprudence "raises an extremely high bar" to such claims. *Kowalczyk v. INS*, 245 F.3d 1143, 1149-50 (10th Cir. 2001). Thus, we have held that "affirmative misconduct" by the government must be shown. *Id.* Petitioner has not done this. His allegations have no evidentiary foundation; he has not *shown* anything. And, in any event, he suggests only that an INS employee incorrectly responded to an inquiry. The Supreme Court jurisprudence alluded to in *Kowalczyk* teaches that mistaken advice per se falls far short of the kind of misconduct that might estop the government, particularly when, as here, the advice relates to law or regulatory information clearly otherwise available. *See Penny v. Giuffrida*, 897 F.2d 1543, 1546-47 (10th Cir. 1990) (summarizing illustrative cases, including *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63 & n.17 (1984); *Schweiker v. Hansen*, 450 U.S. 785, 788-90 (1981); *Montana v. Kennedy*, 366 U.S. 308, 314-15 (1961); *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947)). Petitioner's conclusory effort to invoke equitable estoppel does not come close to clearing the "extremely high bar" set by our case law.

None of the bases petitioner relies upon for U.S. citizenship has merit. Because he is therefore an alien subject to the provisions of § 1227(a)(2)(A), we lack jurisdiction to review his removal pursuant to that statutory authority. This jurisdictional limitation extends as well to the constitutional objections he has attempted to include in his petition for review.

The petition for review is DISMISSED.

Entered for the Court

Robin J. Cauthron
Chief District Judge