

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2005

# Olowu v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1298

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Olowu v. Dept Homeland" (2005). *2005 Decisions*. Paper 1325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1298
_____

KING ADE OLOWU,

Appellant

v.

*MICHAEL CHERTOFF, SECRETARY,
HOMELAND SECURITY;
JAMES ZIGLAR, COMMISSIONER, INS;
DISTRICT DIRECTOR, U.S. IMMIGRATION &
NATURALIZATION SERVICE

*(Pursuant to F.R.A.P. 43(c))

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 03-CV-00661)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2005

Before:  NYGAARD, VAN ANTWERPEN and STAPLETON, Circuit Judges

(Filed: April 22, 2005)

_____

OPINION

_____

PER CURIAM

King Ade Olowu appeals the denial of habeas petition by the District Court for the Middle District of Pennsylvania. We will affirm.

## I.

Olowu, a citizen of Nigeria, became a lawful permanent resident of the United States in 1989. In 2001, Olowu was indicted on 46 counts of bank fraud under 18 U.S.C. § 1344 and pursuant to a plea agreement pled guilty to one count involving a check in the amount of $586.49. Olowu was sentenced to 15 months imprisonment and ordered to pay restitution in the amount of $70,143.29. The Immigration and Naturalization Service ("INS")[1] subsequently charged Olowu with being removable for having been convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii); specifically an offense involving fraud or deceit in which the loss to the victims exceeded $10,000 under § 1101(a)(43)(M)(i). The Immigration Judge ("IJ") found Olowu removable, denied his request for asylum as untimely, and denied withholding of removal and relief under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") affirmed without opinion.

Olowu then filed a habeas petition in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241, raising several claims including: (1) that his conviction was not an

---

[1] Although the Department of Homeland Security took over the functions of the former INS in 2003, for the sake of convenience and because the INS was the actor at most times relevant herein, we will continue to refer to the agency as the INS.

aggravated felony; (2) improper denial of withholding of removal; (3) denial of his statutory right to counsel; (4) an unconstitutional conviction; and (5) eligibility for discretionary relief from removal.[2] The District Court denied relief.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction pursuant to § 1291. We review de novo the District Court's denial of habeas corpus relief and its interpretation of the applicable federal law. Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001). The scope of habeas review is quite narrow. Our review is "limited to constitutional issues and errors of law, including both statutory interpretations and application of law to undisputed facts or adjudicated facts." Auguste v. Ridge, __ F.3d __, 2005 WL 107036, at *9 (3d Cir. Jan. 20, 2005); see also Ogbudimkpa v. Ashcroft, 342 F.3d 207, 222 (3d Cir. 2003). We do not review administrative fact finding or the exercise of discretion. Auguste, 2005 WL 107036, at *9.

## III.

Olowu argues that his conviction is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i)[3] because the relevant "loss" under the statute is limited to $586.49, the

---

[2] The remaining claims are not raised on appeal.

[3] Section 1101(a)(43)(M)(i) defines as an aggravated felony an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000". There is no dispute that Olowu's bank fraud conviction under 18 U.S.C. § 1344 involved "fraud or deceit". See Valansi v. Ashcroft, 278 F.3d 203, 210 (3d Cir. 2002).

only amount specified in the count to which he pled guilty. Appellant Brief at 14-17. When the count of conviction incorporates allegations of a scheme to defraud, however, the amount of loss is based on the entire scheme, not just the amount specifically identified in the count of conviction. Khalayleh v. Immigration & Naturalization Serv., 287 F.3d 978, 980 (10th Cir. 2002). Olowu's indictment alleged a "scheme and artifice" to defraud a number of financial institutions in connection with numerous checks, including but not limited to the checks identified in counts 1 through 46 totaling more than $70,000. Appellant's Brief, Appendix at 41-51. Thus, although Olowu only plead guilty to a single count, the amount of loss is based on the entire scheme which was clearly in excess of $10,000. Accordingly, the IJ properly concluded that Olowu was convicted of an aggravated felony.

Olowu's attempt to distinguish Khalayleh based on the Khalayleh defendant's express agreement to pay restitution in the amount of the actual loss, see Appellant's Reply Brief at 5 (quoting Khalayleh, 287 F.3d at 979), is without merit. In Khalayleh, the Tenth Circuit strictly relied on the indictment, see Khalayleh, 287 F.3d at 980, as we do here. Therefore, we need not address Olowu's arguments against relying on the amount of restitution. See Appellant's Reply Brief at 1-11.

Also, Olowu's reliance on Woldiger v. Ashcroft, 77 Fed. Appx. 586 (3d Cir. 2003) is misplaced. Appellant's Addendum to Reply Brief. In Woldiger, the petitioner only plead guilty to obstructing a federal audit, and, unlike Olowu and the petitioner in

4

Khalayleh, did not plead guilty to an underlying scheme to defraud. Woldiger, 77 Fed. Appx. at 591-92 (distinguishing Khalayleh).

IV.

Olowu also claims that he is entitled to statutory withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under the CAT. Olowu argues that the IJ committed legal error in denying his claim based on a lack of corroborating evidence. Appellant's Brief at 22; Appellant's Reply Brief at 13. Although an applicant's credible testimony may be sufficient to sustain his burden of proof without corroboration, 8 C.F.R. § 208.16(b), (c)(2), the IJ may nonetheless require corroboration when the applicant is "reasonably expected" to do so, Dia v. Ashcroft, 353 F.3d 228, 253 (3d Cir. 2003). The IJ should make this explicit determination after informing the applicant of the need for corroboration so as to provide him an opportunity to explain the lack thereof. Mulanga v. Ashcroft, 349 F.3d 123, 136 (3d Cir. 2003).

The IJ faulted Olowu for not providing corroborating evidence from family members living in the United States regarding Olowu's claims of past persecution by Muslim relatives, the prominence of his Muslim family members, and the conversion of his father to Christianity. Oral Decision of IJ at 11. We need not ascertain if the IJ erred in requiring this corroborating evidence because Olowu can not demonstrate prejudice. See McLeod v. Immigration & Naturalization Serv., 802 F.2d 89, 94 (3d Cir. 1986) (IJ's decision not invalidated "unless his action substantially prejudiced the result"). The

5

absence of this specific corroborating evidence is immaterial in light of the IJ's finding that Olowu's testimony did not even satisfy his burden of proof.  See Oral Decision of IJ at 11-12 (finding that Olowu's testimony did not establish any connection between his family, the government, and their willingness or ability to harm him).

V.

Next, Olowu claims that the IJ's denial of a continuance deprived him of his right to counsel.  Appellant Brief at 17-18.  As recognized by the District Court this claim is unexhausted.  See id., Appendix at 14.[4]  As to Olowu's remaining claims, we have considered all of Olowu's arguments and find them to be without merit and in need of no further discussion essentially for the reasons given by the District Court.  See id., Appendix at 19-22, 30-31.

---

[4] Even if this claim was exhausted, Olowu would not be entitled to relief.  The inability to obtain counsel does not itself deprive a petitioner of his statutory or Due Process right to counsel.  See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374-76 (3d Cir. 2003).  Furthermore, whether the IJ abuses her discretion in denying a continuance to obtain counsel is a fact intensive inquiry, id. at 377, and as discussed supra such claims are not cognizable on habeas review.