FILED
United States Court of Appeals
Tenth Circuit

October 15, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUAN MARTINEZ SOLORZANO,

                    Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

                    Respondent.[*]

No. 09-9500
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Petitioner Juan Martinez Solorzano, a native and citizen of Mexico, appeals

a decision of the Board of Immigration Appeals (BIA) dismissing an appeal from

an immigration judge's order to remove him from the United States because of an

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

earlier California felony conviction for possession of a controlled substance with intent to sell. Our jurisdiction arises generally under 8 U.S.C. § 1252(a), and we dismiss the petition for review in part and deny it in part. We first determine that we lack jurisdiction over petitioner's nonconstitutional claim because he did not exhaust administrative remedies. Then we address his constitutional claims but hold that none of the limited constitutional rights available to aliens were violated.

**Background**

Petitioner entered this country illegally in 1986. In 1995, he was convicted in California of a controlled substance felony, as noted above, and sentenced to three years' imprisonment. Admin. R. 278. Petitioner married a United States citizen in April 2001, and shortly thereafter applied for legal permanent resident status. In January 2002, a California court reduced the controlled substance charge from a felony to a misdemeanor and dismissed it. Four months later, in May 2002, petitioner was granted legal permanent resident (LPR) status. Petitioner maintains that the Department of Homeland Security was fully aware of his prior conviction at the time it granted him LPR status.

The following September, upon motion from the People, a California court reinstated the controlled substance charge as a felony. Less than two years later, in July 2004, petitioner was served with a Notice to Appear pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), which makes him removable because he is an alien who, after

he was granted LPR status, became inadmissible due to the reinstated California controlled substance conviction.[1]

After a hearing before an immigration judge (IJ), petitioner was ordered removed. The BIA dismissed the appeal, noting that (1) petitioner is removable because of the California felony drug conviction, (2) the pendency of petitioner's motion to reopen the criminal case in California did not affect the finality of the conviction for immigration purposes, (3) there was no due process violation or showing of prejudice by petitioner, and (4) the IJ was not biased. Admin. R. at 2-3.

Petitioner filed a petition for review, arguing that the removal order abridged his constitutional rights because "his 1995 conviction was reduced to a misdemeanor and his conviction expunged in 2002," and that the removal order interfered with his "vested right" to maintain his previous status as an LPR. Aplt. Opening Br. at 9.

**Discussion**

Respondent argues that this court lacks jurisdiction to review a final order of removal when the alien is removable by reason of having committed a controlled substance violation. *See* 8 U.S.C. §§ 1252(a)(2)(C),

--------

[1]    In September 2007, petitioner filed a motion in California to reopen the criminal case which, while pending at the time of the administrative proceedings here, was eventually denied.

1182(a)(2)(A)(i)(II). Respondent concedes, however, that we do have jurisdiction to determine whether the jurisdictional bar of § 1252(a)(2)(C) applies which, in this case, necessarily involves reviewing whether petitioner is (1) an alien, (2) who is removable, (3) by reason of his controlled substance conviction. *See Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001); *see also Khalayleh v. INS*, 287 F.3d 978, 979 (10th Cir. 2002) ("Ironically, our resolution of the jurisdictional issue also resolves the merits of the petition that we lack jurisdiction to review.").

Petitioner does not dispute that he is an alien and that he pled guilty in a California court to a controlled substance felony. As best we can understand his claim, he makes the legal argument that he is not removable because his disclosure of his prior felony conviction before being granted LPR status forecloses removability. Before this court can review that issue, however, petitioner must show that he "has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1). Because petitioner did not raise this issue to the BIA, and because it is not a constitutional issue, this court has no jurisdiction to review the matter. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

Petitioners' constitutional arguments are on a different footing, both in terms of this court's jurisdiction to review them and in terms of the usual exhaustion requirement. An exception to the § 1252(a)(2)(C) bar on appellate

review of removal orders based on conviction of § 1182(a)(2) offenses applies where a petitioner raises constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); *see also Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009). Respondent argues that no such claim has been raised here by petitioner. We disagree. Although his constitutional claims are rather sketchy, it can fairly be said that petitioner raised a procedural due process claim to the BIA and repeats that claim on appeal, and that he may also be raising a substantive due process claim to this court.

With regard to the new constitutional claim raised for the first time on appeal, there is an exception to the usual exhaustion requirement:

> [Section] 1252(d)(1) requires exhaustion only of "remedies available to the alien as of right." Thus, we have not required exhaustion of constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims. Indeed, it is more broadly recognized that the BIA lacks authority to resolve constitutional questions as a general matter and, hence, that this exhaustion exception extends to constitutional issues per se. The only caveat is that objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review.

*Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) (citations and quotations omitted). Petitioner's argument that the removal order abridged his substantive due process rights because he has a vested interest in his LPR status is a constitutional argument not based on procedural errors or defects and thus is not

subject to the exhaustion requirement. We review constitutional claims de novo. *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009).

Turning first to the procedural due process claim, petitioner cites *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970), holding that persons facing governmental deprivation of life, liberty, or property must receive adequate notice and an effective opportunity to be heard. We have held that "when facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (quotation omitted). Further, "[a]n alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness." *Id.*

Petitioner had proper notice and has proceeded through all of the steps in the administrative immigration process, including a hearing before an immigration judge at which he was represented by counsel; a review by the BIA, after submission to that body of a counseled brief on appeal; and now gets a limited review by this court. He has enjoyed all of the process to which he was due and has failed to show that he was prejudiced by the removal proceedings. *See Brue v. Gonzales*, 464 F.3d 1227, 1233-34 (10th Cir. 2006).

Petitioner's substantive due process argument seems to be that his LPR status was a vested right which could not be revoked unless he again violated the immigration laws. He cites no case, however, holding that an alien has a right of

-6-

any kind, vested or otherwise, to remain in the United States under the circumstances here. In fact, "aliens do not have a constitutional right to enter or remain in the United States." *Id.* at 1233 (quotation omitted).

Petitioner argues that "it is fundamentally unfair for the government to grant a right upon which persons will reasonably rely and then later take away that right away [sic] with no new reason or behavior by that person." Aplt. Opening Br. at 24.[2] "[S]ubstantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (quotations and citations omitted). While petitioner did nothing to cause a change in his LPR status after its initial grant, the operation of the California court in rectifying the error it made in changing his original felony conviction to a misdemeanor did exact such a change. The fact that a court corrected a mistake, thus bringing petitioner back within the ambit of § 1227(a)(2)(B), does not strike

---

[2]    Petitioner's brief gives the impression that his LPR status was granted and then stripped away without any intervening change in circumstance. His opening brief states as an issue "[w]hether it was an abuse of discretion that resulted in a violation of the constitutional rights of the petitioner when the government sustained removability against the petitioner under INA § 212(a)(2)(A)(i) by finding that he was an aggravated felon despite the fact that his 1995 conviction was reduced to a misdemeanor and his conviction expunged in 2002?" Aplt. Opening Br. at 2. The rest of the story, of course, is that within eight months of reducing his conviction from a felony to a misdemeanor, the California court realized its error and reinstated petitioner's conviction as a felony. Thus at the time of the removal proceeding, petitioner stood convicted of a controlled substance felony, contrary to the impression created in petitioner's brief.

us as so unfair that it either shocks the conscience or interferes with rights implicit in the concept of ordered liberty. *See id.* (quotation omitted).[3]

The petition for review is DISMISSED in part and DENIED in part.

Entered for the Court


Robert H. Henry
Chief Circuit Judge

---

[3] Petitioner's res judicata argument, as well as his waiver and ultra vires arguments, were not raised to the BIA. While petitioner is not required to exhaust constitutional arguments on appeal, *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008), the same is not true for legal arguments, such as these, which must be exhausted, *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).