**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| IAN EVERSLEY-MACCLAREN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70873<br><br>Agency No. A72 960 907<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2014[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Virginia M. Kendall, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

Ian Eversley-MacClaren, a native and citizen of Barbados, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Background to Eversley-MacClaren's Removal

Eversley-MacClaren, present in the United States past the expiration of his visa, pleaded guilty in March 1996 in California state court to a single criminal information containing nine different counts of check fraud. According to the criminal information, no single check exceeded $10,000. Also according to the information, the total loss to two of the victims of Eversley-MacClaren's check fraud exceeded $10,000 for each victim. The criminal information stated that each count charged was "connected in its commission with the charge" set forth in the previous count. Eversley-MacClaren pleaded guilty to the entire information as a single plea and was ordered to pay $32,095 in restitution.

Also in March 1996, the former Immigration and Naturalization Service issued an order to show cause why Eversley-MacClaren should not be subject to deportation under the former Immigration and Nationality Act ("INA") § 241(a)(1)(B) for remaining in the United States beyond the length of his visa. Eversley-MacClaren conceded deportability and applied for a suspension of deportation under former

section 244(a)(1) of the INA.[1]  On June 26, 2007[2], the San Francisco immigration court denied Eversley-MacClaren's application for suspension of deportation on grounds that Eversley-MacClaren had been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(M), which statutorily barred Eversley-MacClaren from establishing the "good character" necessary  to receive a suspension of deportation. *See* 8 U.S.C. § 1101(f)(8).  The BIA affirmed the determination via separate opinion issued on February 26, 2009.

The BIA did not Err in Relying Upon the Forfeiture Order to Determine the Loss Amount Exceeded $10,000.

When the BIA conducts its own review of the evidence and law, we limit its review to the BIA decision.  *Hosseini v. Gonzales,* 471 F.3d 953, 957 (9th Cir. 2006). The BIA's determination of legal questions is reviewed *de novo*, with deference afforded to the BIA's determinations regarding the reading of the INA.  *Marmolejo-Campos v. Holder*, 558 F.3d 903, 909-10 (9th Cir. 2009).  Whether a petitioner has

---

[1] Although Section 244(a) has been repealed by the Illegal Immigration and Reformation and Immigrant Responsibility Act of 1996, the relief remains available to those persons who were already in deportation proceedings at the time the section was repealed.

[2] The IJ initially denied Eversley-MacClaren's application for suspension of deportation on April 28, 2003.  The BIA remanded that decision because the IJ had not prepared a separate oral or written decision.

been convicted of an "aggravated felony" for immigration purposes is a question of law. *Morales-Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006).

8 U.S.C. § 1101(f)(8) statutorily bars an alien from making a showing of good character, including as required for suspension of deportation under former § 244(a), if the alien is "one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43)". The subsection applicable to Eversley-MacClaren is § 1101(a)(43)(M), which defines an aggravated felony as "an offense that--(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000".

In making its decision, the BIA relied upon *Ferreira v. Ashcroft*, 390 F.3d 1091 (9th Cir. 2004) to justify its reliance upon the order of forfeiture entered in Eversley-MacClaren's state court action to determine that the "loss to the victim or victims" from Eversley-MacClaren's felony exceeded the statutory minimum of $10,000. Since the publication of the BIA's decision, the Supreme Court resolved a circuit split surrounding the interpretation of (a)(43)(M) and in doing so explicitly endorsed reliance upon text of a guilty plea, the plea colloquy, and the sentencing materials, including a restitution order, when determining whether the loss to a victim of a "circumstance-specific" crime exceeds $10,000. *Nijhawan v. Holder*, 557 U.S. 29, 42-43, 129 S.Ct. 2294 (2009); *Young v. Holder*, 697 F.3d 976, 984 (9th Cir. 2012) (en banc) (explaining that the evidentiary holding of *Nijhawan* applies to

circumstance-specific crimes, but not to generic crimes). In light of *Nijhawan*, we affirm the BIA's determination that Eversley-MacClaren's $32,000 in forfeiture demonstrates that his fraud conviction exceeded $10,000 in loss to his victims.

The BIA did not Err in Aggregating the Counts Contained in the Criminal Information.

Eversley-MacClaren's criminal information listed each count as having been committed "in connection with" the prior counts, and Eversley-MacClaren pleaded to all counts simultaneously and received a single order of forfeiture for all counts together. Eversley-MacClaren's criminal information and unified plea show that the counts were committed as part of a "scheme" that may be viewed together for purposes of assessing the application of § 1101(a)(43)(M). *See Khalayleh v. INS*, 287 F.3d 978, 980 (10th Cir. 2002) (finding that conviction for "an offense" under § 1101(a)(43)(M) includes the entire scheme charged, and the "loss" is the loss resulting from the entire scheme); *accord James v. Gonzales*, 464 F.3d 505, 511-12 (5th Cir. 2006) (finding that the loss calculation of § 1101(a)(43)(M) should be calculated as the total loss from an entire fraudulent scheme when no suggestion that the plea agreement limits the loss to a single count). Eversley-MacClaren's single plea and single forfeiture order are not inconsistent with his criminal information listing multiple counts as having been committed in connection with

one another.

**PETITION DISMISSED.**