

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Van Riel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Van Riel v. Atty Gen USA" (2006). *2006 Decisions.* Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2287

_____

ORVILLE VAN RIEL,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A41-463-505)
Immigration Judge: Charles M. Honeyman

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges.

(Filed:  July 24, 2006)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

        Petitioner, Orville Van Riel, appeals from the Immigration Judge's order of

removal of Van Riel to Jamaica pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(I) based

upon his conviction for an aggravated felony involving a controlled substance, and the Bureau of Immigration Appeals' affirmance of the Immigration Judge's ruling. Van Riel filed a petition for review, claiming citizenship through his father under 8 U.S.C. § 1431 or former 8 U.S.C. § 1432. We will deny his petition.

## I.

Van Riel was born out of wedlock in Jamaica on May 21, 1972. Van Riel's father, Joseph Van Riel, moved to the United States in 1982 and became a naturalized citizen on May 27, 1987. In 1989, at the age of 16, Van Riel came to the United States to live with his father. On March 12, 2001, Van Riel pled guilty to two counts of possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). After his conviction, the INS began removal proceedings against Van Riel, claiming that he was removable as an alien convicted of an aggravated felony and of possession of a controlled substance. Van Riel argues that he qualifies as a citizen under either 8 U.S.C. § 1431 or former 8 U.S.C. § 1432, and thus cannot be removed.

## II.

## A.

The Child Citizenship Act of 2000, 8 U.S.C. § 1431, provides that a child born outside the United States automatically becomes a citizen when (1) at least one parent of the child is a citizen, (2) the child is under 18 years of age and (3) the child is residing in the United States under the custody of the citizen parent. Van Riel acknowledges that he

2

was past the age of 18 when this statute became effective on February 27, 2001. 8 U.S.C.
§ 1431 note 2. Van Riel argues, however, that the statute should be applied retroactively
and that he fulfills each requirement. We have held that the Child Citizenship Act of
2000 does not apply retroactively. *Morgan v. Attorney General*, 432 F.3d 226, 230 n.1
(3d Cir. 2005). Our holding comports with the findings in other courts of appeals that the
CCA is not retroactive. *See Drakes v. Ashcroft*, 323 F.3d 189, 191 (2d Cir. 2003)*; United
States v. Arbelo*, 288 F.3d 1262, 1263 (11th Cir. 2002); *Nehme v. INS*, 252 F.3d 415,
430-32 (5th Cir. 2001); *Hughes v. Ashcroft*, 255 F.3d 752, 758-60 (9th Cir. 2001).
Accordingly, Van Riel is not a citizen under the Child Citizenship Act.

**B.**

Van Riel offers an alternative argument. Under former 8 U.S.C. § 1432(a)(3)[1]
(repealed October 30, 2000), a child born out of wedlock outside the United States
becomes a citizen upon the naturalization of the mother if the paternity of the child has
not been established. Van Riel claims that permitting derivative nationality of children
born out of wedlock only through the mother is unconstitutional. We are mindful that we
engage in limited judicial inquiry regarding immigration legislation because "'over no

---

[1] "A child born outside the United States of alien parents . . . becomes a citizen of the
United States upon fulfillment of the following conditions: (1) The naturalization of both
parents; or (2) The naturalization of the surviving parent if one of the parents is deceased;
or (3) The naturalization of the parent having legal custody of the child when there has
been a legal separation of the parents or the naturalization of the mother if the child was
born out of wedlock and the paternity of the child has not been established by
legitimation" 8 U.S.C. § 1432(a)(1)-(3).

3

conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (quoting *Oceanic Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909)).  The Supreme Court has found that distinctions in immigration law based on sex and legitimacy are constitutional when there is a facially legitimate and bona fide reason.  *See Fiallo*, 430 U.S. at 794. In *Nguyen v. INS*, 533 U.S. 53, 68 (2001), the Supreme Court found the imposition of extra burdens on a claim of citizenship through one's father if the child is born out of wedlock was not unconstitutional because the law serves an important governmental interest, and the means are substantially related to the ends.  We are persuaded that former 8 U.S.C. § 1432(a)(3) also meets this standard because it provides narrowly tailored exceptions to the general requirement that both parents must be naturalized for a child to derive citizenship.  Specifically, former 8 U.S.C. § 1432(a)(3) only allowed a child to be naturalized through one parent if (1) only one parent had legal custody or (2) paternity had not been established.  Former 8 U.S.C. § 1432(a)(3) thus served the legitimate governmental purpose of protecting the rights of both parents.  *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 397 (5th Cir. 2006).  Accordingly, we reject Van Riel's constitutional challenge to former 8 U.S.C. § 1432(a)(3).

### III.

Van Riel has not met the requirements for citizenship under either 8 U.S.C. § 1431 or former 8 U.S.C. § 1432. We will deny his petition.

4